UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. CR97-5259JET |
| v. | ORDER |
| ARTHUR MALONE BOYD, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Modification of Sentence under 18 U.S.C. §3582(c)(2).

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Defendant seeks a reduction of his sentence, claiming that all guidelines sentencing ranges were subsequently lowered per United States v. Booker, 125 S.Ct. 738 (Jan 12, 2005) once the Supreme Court made the sentencing guidelines effectively advisory. Defendant's argument lacks

- 1

1 merit. No guideline sentencing range applicable to Boyd has been lowered by the Sentencing
2 Commission as required by §3582(c). Therefore, Defendant may not seek reduction under
3 §3582(c)(2). Nor is <u>Booker</u> applicable in this case. The Defendant's sentence became final prior to
4 the decision in <u>Booker</u>. The United States Supreme Court has not made <u>Booker</u> retroactive to cases
5 on collateral review. <u>See</u> <u>In re Anderson</u>, 396 F.3d 1336, 1339-40 (11th Cir. 2005), citing ; <u>Tyler v.</u>
6 <u>Cain</u>, 533 U.S. 656, 121 S.Ct. 2478 (2001); <u>Guzman v. United States</u>, 2005 WL 80324 (2d Cir.
7 (N.Y.). A motion pursuant to 28 U.S.C. §2255 is the proper vehicle to raise Defendant's claim, and
8 this Court construes Defendant's motion as such. However, Defendant has previously filed a §2255
9 motion, which was denied. The Ninth Circuit Court of Appeals subsequently denied a motion for
10 certificate of appealability. Defendant's motion constitutes a second or successive 2255 motion.
11 Defendant has not obtained prior authorization from the Ninth Circuit Court of Appeals for filing a
12 second or successive §2255 motion. Accordingly, Defendant's motion is DISMISSED for want of
13 jurisdiction.

14     In order for an the appeal to proceed, this Court must issue a Certificate of Appealability.
15 <u>See</u> 28 U.S.C. §2253; <u>United States v. Asrar</u>, 108 F.3d 217 (9th Cir. 1997). This court declines to
16 issue a Certificate of Appealability because Defendant Boyd has failed to make "a substantial
17 showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2).

18     IT IS SO ORDERED.

19     The clerk of the court is instructed to send uncertified copies of this Order to all counsel of
20 record.

21     DATED this 21st day of September, 2005.

22
23     /s JACK E. TANNER
24     _____
    JACK E. TANNER
    SR. UNITED STATES DISTRICT JUDGE
25
26 - 2

- 3