1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

ARTHUR MALONE BOYD,

                    Defendant.

CASE NO. CR97-5259(JET)BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
RE-SENTENCING

This matter comes before the Court on Defendant's Motion for Re-Sentencing (Dkt. 83). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Boyd was sentenced on December 5, 1997, after a jury found Mr. Boyd guilty on six violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C). Dkt. 55. The nature of the offenses were conspiracy to distribute cocaine base, possession of cocaine base with intent to distribute, distribution of cocaine base (two counts), and distribution of heroin (two counts). *Id.* Mr. Boyd had been previously convicted of an offense involving drugs. Dkt. 84 at 2.

At sentencing, the Court found that Mr. Boyd's adjusted offense level was 38 and his criminal history was category III. Dkt. 55. The sentencing range was 292 to 365 months. *Id*. The Court sentenced Mr. Boyd to the low end of that range, 292 months. *Id*.

Effective November 1, 2007, the United States Sentencing Commission passed Amendment No. 706. Guidelines Manual (2007), Appendix C, Amendment 706. The amendment adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in § 2D1.1 and provided a mechanism for determining the Guideline range for offenses involving crack cocaine and other substances. *Id*. As of March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007, are authorized pursuant to 18 U.S.C. § 3582(c)(2). *U.S. v. Ross*, 511 F.3d 1233, 1237 n.2 (9th Cir. 2008).

On May 29, 2008, Mr. Boyd filed a Motion for Re-Sentencing. Dkt. 83. On June 3, 2008, the U.S. Attorney responded. Dkt. 84. Although both parties agree that Mr. Boyd is entitled to a two-level reduction in his adjusted offense level, Mr. Boyd argues that he is also "entitled to a full re-sentencing pursuant to the Ninth Circuit's application of § 3582(c)(2). Dkt. 84 at 1. A two-level reduction would result in a sentencing range of 232 to 293 months. Dkt. 85 at 2. The government, however, argues that, based on the nature of the offense and Mr. Boyd's prior drug conviction, Mr. Boyd is subject to a mandatory minimum sentence of 240 months. *Id*.

Under 21 U.S.C. § 841(b), any person who violates part (a) of that section shall be sentenced as follows:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . . [A]ny sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.

21 U.S.C. § 841(b).  Mr. Boyd was found guilty of violating 21 U.S.C. § 841(a) and had a prior drug offense.  *See supra*.

## II. DISCUSSION

A court may modify an imposed term of imprisonment when:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Defendant argues that the section 3553(a) factors are applicable to the modification of his term of imprisonment and, therefore, he is entitled to a full re-sentencing hearing.  Dkt. 83 at 5-7.  Defendant, however, has failed to show how those factors would be applicable to a mandatory minimum term of imprisonment and a mandatory minimum term of supervised relief.

As stated above, Defendant was found guilty of violating 21 U.S.C. § 841(a) and had a prior felony drug offense.  Therefore, Defendant's mandatory minimum sentence is 240 months of imprisonment and 10 years of supervised release.  Both of the parties agree to a reduction of defendant's original 292-month sentence to 240 months.  *See* Dkts. 83 and 84.  Defendant was originally sentenced to the low end of the applicable range and the Court finds no reason to impose a sentence greater than the minimum sentence available to Defendant.  The Court will grant Defendant's Motion for Re-Sentencing as to a reduced term of 240 months.

Defendant argues that under *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), he is also entitled to a full re-sentencing hearing.  Dkt. 83 at 2.  In *Hicks*, the defendant was entitled to a re-sentencing based on a new adjusted offense level.  *Hicks*, 472 F.3d at 1168-69.  The district court re-sentenced the defendant to the low end of the newly adjusted advisory range, 292 months, even though defendant sought a 150-month sentence.  *Id*. at 1169.  The Ninth Circuit vacated that re-sentencing order and remanded

the case for re-sentencing applying post-*Booker* law (*United States v. Booker*, 543 U.S. 220 (2005)).  *Hicks*, 472 F.3d at 1171-73.  The court stated that: "Mandatory Guidelines no longer exist, in this context or any other."

In this case, Defendant is subject to a mandatory minimum and not a mandatory guideline.  Defendant has failed to show that, under *Hicks*, he is entitled to re-consideration of the section 3553(a) factors when he faces a mandatory minimum sentence.  Therefore, the Court denies Defendant's Motion for Re-Sentencing as to his request for a re-sentencing hearing, taking into consideration the section 3553(a) factors.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Re-Sentencing (Dkt. 83) is **GRANTED in part** and **DENIED in part**.  Defendant's term of imprisonment is reduced to 240 months.  All other terms of the original sentence (Dkt. 55) remain unchanged.

The court clerk shall forward copies of this order to Defendant, to the U.S. Probation Office (Tacoma), to the Director of the Bureau of Prisons (Federal Bureau of Prisons, Central Office, 320 First St., NW, Washington D.C. 20534), and to the United States Sentencing Commission (One Columbus Circle, N.E., Suite 2-500, South Lobby, Washington, D.C. 20002-8002).

DATED this 24th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4